IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENDRICK COOPER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TOM McGINLEY** | : | **NO. 19-5360** |

## ORDER

**NOW**, this 9th day of April, 2025, upon consideration of the Amended Petition for *Habeas Corpus* (Doc. No. 8), the Response to Petition for a Writ of *Habeas Corpus*, the Report and Recommendation of United States Magistrate Judge Scott W. Reid (Doc. No. 18), and Petitioner Kendrick Cooper's Objections to the Report and Recommendation (Doc. No. 19), and after a thorough and independent review of the record, it is **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED;**

2. The Report and Recommendation of Magistrate Judge Scott W. Reid is **APPROVED** and **ADOPTED;**

3. The Amended Petition for *Habeas Corpus* is **DENIED;** and

4. There is no probable cause to issue a certificate of appealability.[1]

       /s/ Timothy J. Savage
TIMOTHY J. SAVAGE, J.

---

[1] This amended petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 arises from Cooper's murder conviction. He was found guilty of first-degree murder for fatally shooting Dana Blaylock based primarily on the eyewitness testimony of Reginald Kinley. In his second petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq*, Cooper relied on Kinley's recanting. After an evidentiary hearing, the PCRA court found Kinley incredible.

    In his Report and Recommendation (R&R), Magistrate Judge Reid recommended that the petition be denied in part and dismissed in part. Cooper objects.

Cooper claims that the PCRA court unreasonably determined that Reginald Kinley's recantation testimony was not credible. Judge Reid concluded that this claim is not a cognizable federal habeas claim. Objecting, Cooper argues that his Sixth Amendment confrontation rights and Fourteenth Amendment due process rights were violated because police detectives threatened and coerced Kinley into falsely identifying Cooper as the shooter. He further asserts the PCRA court's failure to analyze alleged police misconduct, discussed *infra*, renders the factual determination unreasonable. Even if Cooper has stated a cognizable claim, we conclude that the state court's factual determination was not unreasonable.

We may only grant relief if the state court made an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Williams v. Beard*, 637 F.3d 195, 204 n.7 (3d Cir. 2011) (explaining that § 2254(d)(2) is the "overarching standard" that applies to the state court's "ultimate factual determination." (citation omitted)). The "discrete [factual] findings that 'are subsidiary to the ultimate decision'" are presumed to be correct, and Cooper has the burden of rebutting this presumption by clear and convincing evidence. *Beard*, 637 F.3d at 204 n.7 (quoting *Lambert v. Blackwell*, 387 F.3d 210, 235 (3d Cir. 2004)); 28 U.S.C. § 2254 (e)(1).

A federal habeas court must show deference to a state court's factual determinations. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). "[D]eference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations." *Id*; *see also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

Credibility determinations are factual determinations. As such, we cannot overturn the state court's credibility determination unless it is objectively unreasonable. *See Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003) ("[A] reviewing court . . . is not as well positioned as the [state] court is to make credibility determinations."); *Lonberger*, 459 U.S. at 434 (noting a prior version of § 2254(d) "gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state . . . court, but not by them."); *Nejad v. Att'y Gen., State of Ga.*, 830 F.3d 1280, 1292 (11th Cir. 2016) ("Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review." (citation omitted)).

The PCRA court heard Kinley's recantation testimony over two days. It then concluded that his testimony was not credible for several reasons. First, Kinley offered no "credible explanation" for why it took him eight years to recant. *Commonw. v. Cooper*, 309 A.3d 1080 (Table), 2023 WL 8253309, at *8 (Super. Ct. Pa. Nov. 29, 2023) (quoting the PCRA court opinion). Second, he had a "strong motive" to recant, that is, to avoid neighborhood retaliation for testifying against Cooper – a fear he had previously expressed. *Id.* Third, the PCRA court found unbelievable his testimony that while sitting in the passenger seat of the decedent's car, he could only see six inches around the waist area of the person who knocked on the car window with a gun and then shot the decedent. *Id.* Lastly, the PCRA court found it unbelievable that Kinley would have falsely identified his friend Cooper as the shooter in his prior statements to the police and at trial. *Id.*

Cooper argues that Kinley provided a credible reason for his delayed recantation – his mistreatment by the police detectives and the trial court. During the PCRA hearings, Kinley testified that he identified Cooper to the police and then to the jury because the detectives who took his statement threatened him with prosecution and repeatedly interrogated him for hours. He also recounted that during trial he was held overnight before he was called as a witness. But, he offered a different reason when asked why it took him so long to recant, testifying that the guilt "was just eating me up." N.T. July 7, 2022, 65:13-18, Doc. No. 16-14.

Cooper does not challenge the PCRA court's other findings. Instead, he argues it "flatly ignored" and "gave no weight" to evidence that the police detectives who took Kinley's statement engaged in misconduct in other cases and were removed from the police force and/or arrested as a result. Pet'r Kendrick Cooper's Objs. to the R&R 12, 13, Doc. No. 19. He also notes the Commonwealth did not rebut this aspect of Kinley's testimony. Although the PCRA court did not address the alleged misconduct in its decision, there was no evidence, other than Kinley's testimony, that the detectives engaged in misconduct *in this case*. Contrary to Cooper's argument, the Commonwealth was not required to subpoena the former detectives to rebut Kinley's claim of improper police interrogation and threats. *See, e.g., Lonberger*, 459

U.S. at 434 (noting "the fact that the state produced no contrary evidence, is quite wide of the mark for deciding whether factual findings are fairly supported by the record." (internal quotation marks omitted)).

Andre Blaylock, the decedent's brother, contradicted many other aspects of Kinley's testimony at the PCRA hearings. Significantly, Blaylock testified that Kinley called him a few hours after his brother was killed and told him Cooper was the shooter.

The question before us is not whether we would have made a different factual determination, only whether the factual determination was unreasonable. In light of the evidence before the PCRA court, it was not. Therefore, Cooper's objections are overruled.